IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CRAIG L. WIRTH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PUERCO JUSTICE COURT, JUDGE J. YELLOWHORSE, and ARIZONA HIGHWAY PATROL,<br><br>　　　　　Defendants. | CV 15-51-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

**I.**　**INTRODUCTION**

Plaintiff Craig Wirth, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Wirth submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Wirth's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Wirth's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (I) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Wirth's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.    PLAINTIFF'S ALLEGATIONS

In 1987 Wirth was apparently driving a commercial highway tractor/trailer unit on a freeway in Arizona when an Arizona Highway Patrol Trooper initiated a traffic stop. The trooper allegedly pulled Wirth over "under false pretenses" and

issued Wirth "tickets with blatantly false charges." Wirth states the trooper unlawfully and falsely arrested, kidnaped, and imprisoned him.

Wirth alleges that as a result of the traffic tickets and charges he is subject to severe restrictions and limitations on his various freedoms and liberties in violation of his unspecified civil rights. He states he is subject to "unreasonable controls and actions" of the government, and the government is trying to "extort" money from him. He complains he is unable to move, live, and work wherever he so desires. He is unable to drive himself where he needs to go and to care for himself, apparently due to restrictions on his driver's license. Wirth alleges "the Judge who is perpetuating the fraud and extortion scam is Judge Jay Yellowhorse of the Puerco Justice Court" in Sanders, Arizona. For his relief Wirth seeks $2 million in compensatory damages, and he asks for punitive damages.

## III. DISCUSSION

Because Wirth is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. 42 U.S.C. § 1983

The Court liberally construes Wirth's claims as prosecuted under 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State [...], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation and citation omitted). Wirth's claims fall within section 1983 because he alleges individuals acting under color of state law have deprived him of his civil rights.

### B. Challenges to Wirth's Arizona Charges/Convictions

Although Wirth does not expressly describe the result of the Arizona traffic tickets issued to him in 1987, it appears from the context of his allegations that he

4

must have been convicted of a traffic offense or offenses. If so, those convictions and the resulting sentences bar Wirth's claims in this case as proscribed in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck* the Supreme Court established that a plaintiff cannot prosecute a section 1983 action for damages if the success of those claims would necessarily imply that his existing criminal conviction and/or sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim, the plaintiff must establish that the subject criminal sentence has already been invalidated through some other appropriate legal action, such as a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. Therefore, to determine whether *Heck* operates to preclude a section 1983 action, the court must consider whether a ruling in favor of the plaintiff:

> would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. *See also Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11 (9th Cir. 2011) (affirming dismissal of section 1983 action that would, if successful, invalidate the plaintiff's criminal conviction).

Here, in substance, Wirth seeks a ruling in this lawsuit establishing that the named Defendants are unlawfully enforcing an allegedly invalid criminal

judgment and sentence against him resulting in unreasonable restrictions imposed on his driving privileges. A ruling in favor of Wirth on his claims would, necessarily, imply that Wirth's traffic offense convictions and/or sentences in Arizona are invalid. That course of action, however, is precisely what *Heck* prohibits Wirth from pursuing.

Wirth's allegations do not suggest that he has successfully challenged his convictions and sentences through some other legal action. Therefore, *Heck* bars Wirth from bringing section 1983 claims which challenge the legality of his Arizona sentences, and his claims are subject to dismissal.

### C. **Judicial Immunity**

Wirth's allegations assert that Judge Jay Yellowhorse, a judge in the Puerco Justice Court in Arizona, is enforcing restrictions imposed upon him as a result of his traffic tickets, convictions and/or sentences in Arizona. Wirth's claims against Judge Yellowhorse, however, are barred by the doctrine of judicial immunity.

Although Judge Yellowhorse would otherwise be characterized as a state actor for purposes of liability under 42 U.S.C. § 1983, a plaintiff cannot pursue a claim against a judicial officer under section 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). *See also Mireles v. Waco*, 502 U.S. 9, 11-12

(1991). Wirth's allegations indicate he is dissatisfied with the result of his unspecified judicial proceedings before Judge Yellowhorse in the Puerco Justice Court in Arizona. Thus, Wirth's allegations, on their face, merely allude to Judge Yellowhorse's judicial rulings and actions which qualify as "judicial acts" committed by a judge in his or her judicial capacity. *See Simmons*, 318 F.3d at 1161. A judge's role in presiding over judicial proceedings pending before the judge requires the judge to engage in conduct "normally performed by a judge" with respect to parties who have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Therefore, Judge Yellowhorse is entitled to judicial immunity from suit, and should be dismissed

### D. Eleventh Amendment Immunity

Wirth identifies the Arizona Highway Patrol as a named Defendant in this action. But the Highway Patrol, as an agency of the State of Arizona, is immune from suit in federal court under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI. The text of the

Amendment "deprive[s] federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The immunity extends to suits brought against a state by a citizen of another state, or by its own citizens. *See e.g., Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). And it applies to state agencies such as the Arizona Highway Patrol. *See e.g.*, *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995); *Durning v. Citibank*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).

Here, Wirth identifies himself as a citizen of Washington, but he also lists a physical address in Florence, Montana. In either case, the Eleventh Amendment immunity protects the Arizona Highway Patrol against Wirth's suit in federal court.

The Court notes that the immunity provided to a state under the Eleventh Amendment can be waived, but only by express and unambiguous language. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Alternatively, a state's immunity can be abrogated by Congress through its enactment of a statute "when [Congress] both unequivocally intends to do so and 'act[s] pursuant to a valid grant of

constitutional authority.'" *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000)).

Wirth's pleading does not suggest or imply that the State of Arizona or Congress has waived the Eleventh Amendment immunity applicable to the Arizona Highway Patrol. And the Court is not aware of any such waiver. Although Wirth's claims here can be construed as filed under authority of 42 U.S.C. § 1983, the Supreme Court has made clear that § 1983 does not abrogate a State's Eleventh Amendment immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65-66 (1989). Therefore, the Arizona Highway Patrol should be dismissed as immune from suit in federal court.

## IV. CONCLUSION

Based on the foregoing, the Court finds Wirth's claims are barred by *Heck v. Humphrey*, and are subject to dismissal based on judicial and Eleventh Amendment immunity. Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, "[d]ismissal of a pro se complaint without leave to amend is proper [...] if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment[,]" (*Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988))),

or if the court finds that any attempted amendment would be futile. *Rouse v. United States Department of State*, 567 F.3d 408, 418-19 (9th Cir. 2009).

Under the circumstances of Wirth's allegations as discussed, the Court finds that Wirth could not cure the defects in his pleading, and any attempted amendment would be futile. Therefore, IT IS RECOMMENDED that Wirth's Complaint be DISMISSED without leave to amend.

DATED this 20th day of May, 2015.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge