IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| CRAIG L. WIRTH, | CV 15–51–M–DLC–JCL |
| --- | --- |
| Plaintiff, | |
| vs. | ORDER |
| PUERCO JUSTICE COURT, JUDGE J. YELLOWHORSE, and ARIZONA HIGHWAY PATROL, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on May 20, 2015, recommending that this matter be dismissed. Plaintiff failed to timely object to the Findings and Recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Plaintiff did file a document containing objections on August 4, 2015, however the objections contain only conclusory allegations of criminal activity. The Court will review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."

*United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). There is no clear error in Judge Lynch's Findings and Recommendation and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

There is no clear error in Judge Lynch's finding that Wirth's claims fall within 42 U.S.C. § 1983 because he alleges individuals acting under color of state law have deprived him of his civil rights. Essentially, Wirth seeks to challenge the enforcement and validity of a criminal judgment and sentence against him stemming from Arizona traffic tickets issued to him in 1987. Those convictions and the resulting sentences bar Wirth's claims in this case under the doctrine proscribed in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Judge Lynch did not clearly err in finding that Wirth's claims against Judge Yellowhorse are barred by the doctrine of judicial immunity as Wirth alludes only to judicial rulings and actions which qualify as judicial acts performed in a judge's judicial capacity, thus implicating judicial immunity. *Simmons v. Sacramento County superior Court*, 318 F.3d 1156 (9th Cir. 2003). To the extent Wirth objects, alleging that Judge Yellowhorse has committed crimes outside the scope of his judicial capacity, Wirth does not provide any information other than conclusory statements. Wirth has not shown any facts showing Judge

Yellowhorse acted beyond judicial rulings and actions, which qualify as judicial acts.

There is no clear error in Judge Lynch's finding that the Arizona Highway Patrol is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. There is no evidence to suggest that the State of Arizona or Congress has waived the Eleventh Amendment immunity applicable to the Arizona Highway Patrol. As such, the Arizona Highway Patrol is dismissed as immune from suit in federal court.

Judge Lynch did not clearly err in finding that no additional facts could cure the defects in Plaintiff's pleading, and any attempt to amend would be futile.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL. Plaintiff's Complaint (Doc. 2) is DISMISSED without leave to amend.

Dated this 1st day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court